**Joseph Martin DELANEY, Petitioner-Appellant,**

v.

**MISSOURI DEPARTMENT OF REVENUE, Respondent.**

No. 13138.

Missouri Court of Appeals, Southern District, Division One.

Aug. 17, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 31, 1983.

Application to Transfer Denied Oct. 18, 1983.

---

J. Max Price, John D. Beger, Price & Beger, Salem, for petitioner-appellant.

J. Kent Howald, Steelville, for respondent.

GREENE, Chief Judge.

Joseph Martin Delaney appeals from a judgment of the trial court affirming an order of the Director of Revenue revoking his motor vehicle operator's license because he refused to take a breathalyzer test to determine the alcohol content of his blood.

Delaney's contention at the trial court hearing was that he was not driving a motor vehicle stopped by a Missouri Highway patrolman and, therefore, was not required to take the test. He argues that the trial court erred in finding that he was driving the motor vehicle, as such finding was against the weight of the evidence and was not supported by substantial evidence. He also contends that the trial court erred in requiring him to present his evidence first at the revocation hearing, thus requiring him to assume the burden of proof, which requirement is contrary to law.

In summary, the evidence before the trial court, viewed in a light most favorable to support the judgment, was that on March 28, 1982, at about 2 A.M., Trooper Eric S. Wilhoit of the Missouri State Highway Patrol was following a "Chrysler product van" on Interstate 44 near the Cuba, Missouri exit. The van was traveling very slowly and was weaving from side to side. The trooper followed the van for approximately one mile. During that time, Wilhoit, looking through the rear window of the van, observed the driver, who was wearing a garment with red sleeves, turn an interior light on and then off. Wilhoit, suspecting the driver was intoxicated, stopped the van. Delaney was in the driver's seat, and was wearing a red blazer type jacket. Wilhoit

gave Delaney a field sobriety test. Defendant was confused in saying his ABC's, and staggered when performing the toe to heel test. He had a strong odor of intoxicants on his breath, his face was flushed, his eyes were bloodshot and watery, and, in Wilhoit's opinion, he was intoxicated.

Delaney told Wilhoit he had drunk "bushels and bushels and bushels" of beer. Wilhoit arrested Delaney and took him to the highway patrol zone Office, where Delaney refused to take a chemical breathalyzer test, after being warned that refusal to do so could result in suspension of his driving privileges for one year. Delaney's story, backed by his three companions in the van, was that "Cookie" Lock was driving the van at the time it was stopped by Wilhoit, that he was sitting in the driver's seat with "Cookie", and that he crawled over "Cookie" and out of the driver's side when Wilhoit approached the van. The reason "Cookie" was driving was because Delaney, who had been driving earlier, was too drunk to drive. Delaney said the reason he would not take the test was that he was not driving the van. The van was owned by a corporation of which Delaney was president.

■ Section 577.050.2, RSMo 1978 requires that the trial judge at the revocation hearing shall determine 1) whether the person was arrested; 2) whether the arresting officer had reasonable grounds to believe that the person arrested was driving a motor vehicle while in an intoxicated condition; and, 3) whether the person arrested refused, on request, to submit to a breathalyzer test. The state has the burden of proving these three elements, and is required to offer evidence first in the course of the proceedings. *Askins v. James,* 642 S.W.2d 383, 385 (Mo.App.1982); *Postlewait v. Missouri Department of Revenue,* 643 S.W.2d 314, 316 (Mo.App.1982).

In this case, no evidence was presented by the state. Immediately prior to receiving evidence, the trial judge said, "You may proceed with the evidence", at which time Delaney's attorney said, "Call Trooper Wilhoit to the stand." Defendant then presented the testimony of five witnesses, including Wilhoit. There was no statement by the trial judge that defendant had the burden of proof, and no statement by the trial judge that defendant had a duty to present his evidence first. Defendant's attorney did not object to introducing his evidence first, and made no claim to the trial court, either at the time of the hearing, or in an after-trial motion, that the trial court was in error by requiring the wrong party to assume the burden of proof, or by requiring the wrong party to proceed first in the presentation of evidence.

■ Court review of a revocation for failure to take a chemical breath test is judicial review of an administrative decision, and is a civil proceeding. *State v. Byerly,* 522 S.W.2d 18, 20 (Mo.App.1975). In an appeal in a civil case, no claim of error may be considered by the appellate court unless the claim was presented to, and decided by, the trial court. *Ohlendorf v. Feinstein,* 636 S.W.2d 687, 690 (Mo.App. 1982). Defendant's claim that the trial judge erroneously declared the law by declaring Delaney must put on his evidence first is not borne out by the record, and even assuming that it is, it was not properly preserved for appellate review.

The only remaining question for review is whether the trial court's judgment is supported by substantial evidence, and was not against the weight of the evidence. The only questioned statutory element under § 577.050.2 (in effect at the time in question) is whether Trooper Wilhoit had reasonable grounds to believe Delaney was driving the van at the time of his arrest. He admits he refused the test, and that he was intoxicated at the time he was asked to take the test. There is no issue as to the fact that he was arrested, and that he was warned of the consequences of his refusal to take the test.

■ Wilhoit's testimony was that as he followed the van, he noticed the driver, who was wearing something red, turn an interior light on and then off. When Wilhoit stopped the van, Delaney was in the driv-

er's seat and was wearing a red jacket. None of the other three occupants of the van wore red clothing. While Delaney and his three companions claimed at the hearing that Delaney's female companion, "Cookie" Lock, was driving the van at the time it was stopped by Wilhoit, the trial court, of course, was entitled to disbelieve them and to believe Wilhoit, which obviously it did. The finding by the trial court that Wilhoit had reasonable grounds to believe Delaney was driving the van while in an intoxicated condition is supported by substantial evidence and is not against the greater weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

This being so, the judgment should be, and is, affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.