In re the Marriage of Wilma SMALL, Respondent,

v.

Cornelius SMALL, Appellant.

No. 49566.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 25, 1986.

Elbert A. Walton, Jr., St. Louis, for appellant.

James M. Asher, Clayton, for respondent.

CRIST, Judge.

Husband appeals from a dissolution decree dissolving twenty-nine year marriage. We affirm.

■ Husband raises three points on appeal. In his first point relied on, husband asserts the trial court erred in overruling his motion for findings of fact and conclusions of law. The trial court overruled husband's motion on the basis it was not timely filed. Rule 73.01(a)(2) requires a party to request findings of fact and conclusions of law *before final submission* of the case (emphasis added).

We agree husband's motion for findings of fact and conclusions of law was not timely filed. This case was submitted to the trial court on October 16, 1984. Husband and wife both rested their case on that date. Husband, however, did not request findings of fact or conclusions of law until December 5, 1984. The submission of this case was final on October 16, 1984, when husband and wife rested their cases and the trial court took the case. *See Lopez v. Vance,* 509 S.W.2d 197, 204 (Mo. App.1974). We find no error.

In his second point relied on, husband asserts the trial court erred in awarding wife an unjust and disproportionate share of the marital property. We disagree. Husband's annual gross income was approximately $29,800. Wife's annual gross income was approximately $12,000. The trial court awarded to wife the marital residence (with an equity value of approximately $20,000), a checking account and savings account, an insurance policy, and various items of personal property from the marital residence. The trial court further ordered husband to pay wife $300 per month maintenance, attorney fees of $525, and court costs. The trial court awarded husband a separate checking account and savings account, two other insurance policies, and various items of personal property, including an automobile.

■ We find no abuse of discretion in the trial court's division of marital property. Husband's primary complaint is with the award of the marital residence (with an equity value of approximately $20,000) to wife. At trial, however, husband expressed his desire that either he or his wife be awarded the marital residence. Husband had a retirement plan under which he would receive an undisclosed amount if he retired now and $750 per month if he retired at age 57. Wife had no retirement plan. Retirement plans are considered marital property. *Kuchta v. Kuchta,* 636 S.W.2d 663, 666 (Mo. banc 1982). In addition, husband's annual salary was approximately two and one-half times greater than wife's salary. Considering the factors enumerated in Section 452.330 RSMo 1978, we cannot say the trial court abused its discretion in dividing the marital property.

■ In his final point relied on, husband asserts the trial court erred in awarding maintenance of $300 per month to wife. We disagree. Wife had very little income producing property. Wife's income for 1983 was $12,000, while husband's income was nearly $30,000. Wife's income and expense statement shows reasonable needs of $1,286.00 per month, in excess of her monthly income. Considering the factors set out in Section 452.335 RSMo 1978, we do not believe the trial court abused its discretion by ordering husband to pay wife $300 per month maintenance.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.