David Paul STRODE, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 68380.

Supreme Court of Missouri, En Banc.

Feb. 17, 1987.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Robert D. Aulgur, Sp. Asst. Atty. Gen., Dept. of Revenue, James A. Chenault, III, Asst. Gen. Counsel, Dept. of Revenue, Jefferson City, for appellant.

Michael W. Manners, Robert C. Welch, Independence, for respondent.

ROBERTSON, Judge.

The Director of Revenue appeals from a judgment of the circuit court reversing the administrative suspension of respondent's driver's license pursuant to the Administrative Suspension and Revocation Act, §§ 302.500 to 302.540, RSMo 1986. The trial court found that respondent's arrest, under a municipal ordinance, was invalid for the reason that the requirements of § 577.039, RSMo 1986, had not been met by the arresting officer. A unanimous panel of the Court of Appeals reversed. We granted transfer, Mo. Const. art. V, § 10, to determine whether an administrative revocation of a driver's license could be based on an invalid arrest. Because we find that respondent's arrest was not invalid on the grounds preserved by respondent, we do not reach the issue upon which we granted transfer. The judgment of the trial court is reversed and the cause is remanded with directions.

I.

At approximately 2:00 a.m. on April 7, 1985, Officer Charles Harris of the Independence, Missouri Police Department was dispatched to a one-car accident at 9th and Forest in Independence, Missouri. Upon arrival, Officer Harris found respondent standing beside his heavily damaged automobile. Respondent smelled of alcohol and had difficulty maintaining his balance. When asked what happened, respondent stated, "I got on it." When respondent performed poorly on field sobriety tests, he was arrested for a violation of INDEPENDENCE, MO., CODE art. 10, § 18.222.

At the police headquarters, respondent again admitted to operating the vehicle. Officer Harris administered a breathalizer test; respondent's blood alcohol content measured .17 percent. Because respondent's blood alcohol content exceeded .13 percent, Officer Harris submitted a report to the Director of Revenue pursuant to § 302.510, RSMo 1986. The Director suspended respondent's driving privileges.

§ 302.505, RSMo 1986. Following an administrative hearing which affirmed his suspension, respondent sought a trial de novo in the circuit court pursuant to § 302.535.1, RSMo 1986. The circuit court ruled in favor of the respondent. The Director appealed.

## II.

Section 577.039, RSMo 1986, provides:

An arrest without a warrant by a law enforcement officer, including a uniformed member of the state highway patrol, *for a violation of section 577.010 or 577.012* is lawful whenever the arresting officer has reasonable grounds to believe that the person to be arrested has violated the section, whether or not the violation occurred in the presence of the arresting officer; *provided, however, that any such arrest without warrant must be made within one and one-half hours after such claimed violation occurred.* (Emphasis added.)

On appeal, the Director contends that the one and one-half hour limitation of § 577.039 [1] is not applicable in this case because respondent is charged with a violation of a municipal ordinance rather than § 577.012.-1. Respondent urges that because § 18.-222 [2] does not contain the one and one-half hour limitation found in § 577.039, there is a conflict between the ordinance and the statute, which must be resolved in favor of the statute. *Page Western, Inc. v. Community Fire Protection District of St. Louis County,* 636 S.W.2d 65, 67 (Mo. banc 1982). Respondent's arrest is therefore invalid, he argues. An invalid arrest, respondent continues, cannot serve as the basis for an administrative revocation of respondent's driver's license.

As respondent admits, no express conflict exists between § 577.012.1 and § 18.-222. Both the statute and the ordinance are violated by operating a motor vehicle with .10 percent or greater blood alcohol content. Respondent urges, however, that an implied conflict exists because the ordinance "permits an arrest at the municipal level that is prohibited [by § 577.039] at the state level." Respondent relies on *Vest v. Kansas City,* 355 Mo. 1, 194 S.W.2d 38, 39 (1946), for the proposition that the ordinance must fall when it permits what the statute prohibits.

■ Respondent's argument fails because it assumes, incorrectly, that § 577.-039 regulates all arrests for driving with excessive blood alcohol. The clear, unambiguous language of § 577.039 limits the applicability of that section to arrests "for a violation of sections 577.010 to 577.012." Thus, § 577.039 regulates only arrests for violations of the specified statutes; § 577.-039 simply has no application to arrests founded on municipal ordinances. Section 18.222 does not purport to regulate arrests under §§ 577.010 to 577.012. There is, therefore, no conflict between the ordinance and the statute, express or implied.

■ A person charged with violating a municipal ordinance faces far less serious sanctions than does a person charged with violating §§ 577.010 or 577.012. The state law violations are Class B and Class C misdemeanors respectively for first offenses; subsequent violations range from Class A misdemeanors (prior offenders) to Class D felonies (persistent offenders). § 577.023, RSMo 1986. Municipal ordinance violations are merely quasi-criminal in nature. *Tolen v. Missouri Dept. of Revenue,* 564 S.W.2d 601, 602 (Mo.App.1978). The fact that there are collateral consequences to convictions under § 577.010 and § 577.012 which do not attach to municipal convictions both explains and justifies the legislature's requirement that greater care

1. § 577.010.1, RSMo 1986, provides:

A person commits the crime of **"driving while intoxicated"** if he operates a motor vehicle while in an intoxicated or drugged condition. § 577.012.1 provides:

A person commits the crime of **"driving with excessive blood alcohol content"** if he operates a motor vehicle in this state with ten-hun-

dredths of one percent or more by weight of alcohol in his blood.

2. § 18.222 provides in pertinent part:

A. It is unlawful for any person to operate a motor vehicle within this city when the person has ten one-hundredths of one (0.10) percent or more by weight of alcohol in his or her blood.

be taken with warrantless arrests for violations of §§ 577.010 and 577.012 than with municipal violations.

Section 544.216, RSMo 1986, provides in pertinent part:

Any ... county or municipal law enforcement officer in this state, ... may arrest on view, and without a warrant, any person he sees violating or who he has reasonable grounds to believe has violated any law of this state, including a misdemeanor, or has violated any ordinance over which such officer has jurisdiction. The power of arrest authorized by this section is in addition to all other powers conferred upon law enforcement officers, and shall not be construed so as to limit or restrict any other power of a law enforcement officer.

Because § 577.039 is not applicable in the instant case, respondent's arrest is valid pursuant to § 544.216. We reserve for another day the question whether an administrative revocation under § 302.505.1 must be based on a valid arrest.

"Section 302.505.1 requires the State to establish: (1) that the arresting officer had probable cause to effect the initial arrest ... and (2) that chemical analysis revealed that the arrestee had a [blood alcohol content] of thirteen hundredths (.13) of one percent or more." *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986). Officer Harris found respondent smelling of alcohol and having difficulty maintaining his balance; respondent failed field sobriety tests. The officer had probable cause to effect the initial arrest. Chemical analysis revealed respondent's blood alcohol content was .17 percent. On this evidence the State met its burden of proof, *Miller v. Director of Revenue*, 719 S.W.2d 787 (Mo. banc 1986); the Director properly suspended respondent's driver's license. The trial court erred in ruling otherwise.

The judgment of the trial court is reversed. This cause is remanded to the trial court for entry of a judgment reinstating the suspension of respondent's driver's license entered by the Director.

All concur.