**Christopher J. ROUX,**
**Petitioner-Respondent,**

v.

**DIRECTOR OF REVENUE,**
**Respondent-Appellant.**

**No. 52383.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 14, 1987.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Arthur S. Hyatt, Clayton, for petitioner-respondent.

REINHARD, Judge.

The Director of Revenue appeals from a judgment of the circuit court reversing the administrative suspension of petitioner's driver's license pursuant to the Administrative Suspension and Revocation Act, §§ 302.500 to 302.540, RSMo 1986. We reverse and remand.

Petitioner was arrested for violating a City of Ballwin municipal ordinance. On April 24, 1986, a Ballwin police officer investigated a report of an accident at 403 Kehrs Mill Road in Ballwin. At the scene, the officer observed a truck lodged against a garage and petitioner leaning against a garage door next to the vehicle. The officer spoke with petitioner who stated he had been operating the vehicle and that he had become lost while following a friend home from a bar.

At the end of the evidence, the trial court, on petitioner's motion, found the petitioner's arrest under the municipal ordinance was invalid because it was unlawful under § 577.039, RSMo 1986, which provides:

An arrest without a warrant by a law enforcement officer, including a uniformed member of the state highway patrol, for a violation of section 577.010 or 577.012 is lawful whenever the arresting officer has reasonable grounds to believe that the person to be arrested has violated the section, whether or not the violation occurred in the presence of the arresting officer; provided, *however, that any such arrest without warrant must be made within one and one-half*

*hours after such claimed violation occurred* (emphasis ours).

There was no evidence that the arrest took place within 90 minutes of the violation.

The trial judge did not have available at the time of her ruling the Missouri Supreme Court case of *Strode v. Director of Revenue,* 724 S.W.2d 245 (Mo. banc 1987). In *Strode,* the driver whose license was suspended presented basically the same issue as the one now before us. The court held:

> [Strode's] argument fails because it assumes, incorrectly, that § 577.039 regulates all arrests for driving with excessive blood alcohol. The clear, unambiguous language of § 577.039 limits the applicability of that section to arrests "for a violation of sections 577.010 to 577.012." Thus, § 577.039 regulates only arrests for violations of the specified statutes; § 577.039 simply has no application to arrests founded on municipal ordinances.

*Strode,* 724 S.W.2d at 247. From the record, it appears the only reason the trial court reinstated petitioner's license was the alleged violation of § 577.039. Based on the supreme court's ruling in *Strode,* the trial court's reinstatement was erroneous.

The judgment of the trial court is reversed, and the cause is remanded to the trial court to enter a judgment reinstating the director's suspension of petitioner's driver's license.

SMITH, P.J. and DOWD, J., concur.