Willie H. SULLS, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 17515.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 12, 1991.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

MAUS, Judge.

The driving privileges of respondent, Willie H. Sulls, were suspended pursuant to § 302.505 after he was arrested upon probable cause for driving a motor vehicle while having a blood alcohol content of .17 per cent. He appealed the suspension to the Department of Revenue. After an administrative hearing, the suspension was affirmed. Respondent then filed a petition for a trial de novo in the Circuit Court of Christian County. The circuit court judge reinstated respondent's driving privileges, and assessed costs against the Director of Revenue. The Director appeals.

The following is a summary of the facts necessary for the disposition of this case. On December 6, 1990, at approximately 10:50 p.m., Officer Harp of the Nixa Police Department observed respondent, Willie H. Sulls, driving erratically. The officer activated his emergency lights and siren but respondent failed to stop. The officer continued to follow respondent for about 3/10 of a mile. Respondent drove beyond the Nixa city limits and stopped while yet in Christian County. Respondent admitted he had been drinking alcoholic beverages. Officer Harp then returned to his patrol car and requested a Christian County Deputy Sheriff to test respondent for driving while intoxicated. Christian County Deputy Sheriff Newell arrived and took over the investigation. Respondent was administered field sobriety tests which he unsuccessfully performed. Officer Newell arrested respondent for driving while intoxicated and took him to the Christian County Jail. There a breathalyzer test registered respondent's blood alcohol content at .17 per cent. Respondent was booked into jail. The revocation of his driving privileges followed.

Upon a trial de novo, the circuit court entered findings which included the following.

"g. That as an officer of a fourth-class city, said police officer was acting outside his authority and jurisdiction and that said traffic stop was consequently illegal and all evidence obtained by him or subsequent to the stop by said officer should have been suppressed by the Fourth Amendment Exclusionary Rule.

h. That absent the illegally obtained evidence, the Director of Revenue fails to sustain the required burden of proof.

IT IS THEREFORE ORDERED that Plaintiff's driving privileges are hereby reinstated, that the actions of the Defendant are hereby declared null and void and have no further force or effect. Costs of this action are assessed against the Defendant."

■ The Director of Revenue appeals the reinstatement of the respondent's driving privileges and the assessment of the costs against Director. In his point relied on, Director contends

"[t]he trial court erred in setting aside the suspension action ordered by appellant because the evidence obtained as a result of the arrest by the deputy sheriff should not have been suppressed, in that the exclusionary rule does not apply in civil proceedings, and the arrest by the deputy sheriff was not illegal."

The decision of the circuit court was based upon the proposition that the evidence against respondent could not be considered because of the exclusionary rule in that the initial stop by the Nixa city officer was illegal. The 1991–92 Official Manual of the State of Missouri shows that in 1990 the population of Nixa was 4,707. The court could take judicial notice of this fact. *City of Gainesville v. Gilliland,* 718 S.W.2d 553 (Mo.App.1986). Nevertheless, it is not necessary to consider the authority of Officer Harp to stop and arrest respondent under Section 544.216.

■ Even conceding that the stop by Officer Harp was illegal, the evidence of intoxication supplied by the deputy sheriff may be considered in this proceeding. In this state, the limited applicability of the exclusionary rule has been established.

"It is not necessary to determine the legality of the audit because, even if it be assumed that the audit was unauthorized or illegal because of a paucity of signatures, evidence obtained in an illegal manner is not subject to the exclusionary

rule except in criminal cases. *In re Littleton,* 719 S.W.2d 772, 775 n. 2 (Mo. banc 1986)." *State ex inf. Peach v. Boykins,* 779 S.W.2d 236, 237 (Mo. banc 1989).

The issue of whether the exclusionary rule is applicable to driver's license revocation proceedings has been addressed in *Green v. Director of Revenue,* 745 S.W.2d 818 (Mo.App.1988); *James v. Director of Revenue,* 767 S.W.2d 604 (Mo.App.1989); and *Kimber v. Director of Revenue,* 817 S.W.2d 627, 631 (W.D.Mo.App.1991).

The court in Kimber stated:

"Missouri courts recognize the inapplicability of the fourth amendment's exclusionary rule to civil proceedings. U.S. Const. amend. IV. See *James,* 767 S.W.2d at 611–12 (citing *In re Littleton,* 719 S.W.2d 772, 775 n. 2 (Mo. banc 1986); see also *Green,* 745 S.W.2d at 820. The circuit court's de novo review of Mr. Kimber's driver's license suspension hearing is a civil proceeding. *James,* 767 S.W.2d at 612; see also *Green v. Director of Revenue,* 745 S.W.2d 818, 820 (Mo.App.1988). The Supreme Court in *Littleton* stated 'we note that evidence obtained in an illegal or unethical manner is not subject to an exclusionary rule except in criminal cases.' 719 S.W.2d at 775 n. 2 (citing *Diener v. Mid–American Coaches, Inc.,* 378 S.W.2d 509, 511 (Mo. 1964))." *Kimber v. Director of Revenue,* 817 S.W.2d 627, 631 (W.D.Mo.App. 1991).

The trial court erred by applying the exclusionary rule to the license revocation proceeding. This court is authorized to enter the order the trial court should have entered. Rule 84.14; *Grate v. Richards,* 689 S.W.2d 635 (Mo.App.1984). The judgment of the trial court is reversed. The Director's suspension of respondent's driving privileges is reinstated. Costs are assessed against respondent.

FLANIGAN, C.J., and MONTGOMERY, J., concur.