**STATE of Missouri, Respondent,**

v.

**Alan W. COBB, Appellant.**

**No. 66611.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 9, 1995.

---

**4.** A gratuitous review of the record discloses that the 15–year sentence was authorized.

**125**

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Alan W. Cobb ("driver"), appeals from the Circuit Court of Jefferson County's decision to sentence him as a persistent DWI offender after remand for resentencing from the Missouri Supreme Court. We affirm in part; remand in part.

Driver was convicted of the class D felony of driving while intoxicated, RSMo § 577.010 (1986), for an incident occurring on June 23, 1988. Pursuant to RSMo § 577.023.3 (1986), driver was sentenced as a persistent DWI offender for allegedly pleading guilty on November 3, 1987, to driving while intoxicated on May 26, 1987, in the Circuit Court of St. Louis County, and pleading guilty to driving with excessive blood alcohol content on February 25, 1987, for events occurring on September 9, 1986, in the Circuit Court of St. Louis County. While driver's appeal before this court was pending, the Missouri Supreme Court determined in *State v. Stewart*, 832 S.W.2d 911, 913 (Mo. banc 1992), that Missouri's persistent DWI offender statute, RSMo § 577.023 (1986), could only be invoked upon proof of three prior convictions committed within a ten-year period. The Supreme Court then granted transfer of driver's appeal and affirmed his conviction, but reversed the sentence as a persistent DWI offender. The cause was remanded for resentencing with instructions by the Supreme Court to permit the state to present whatever evidence it had to establish driver's status as a persistent offender. *State v. Cobb*, 875 S.W.2d 533, 534, 537 (Mo. banc 1994).

On June 1, 1994, the state filed an "Amended Information" adding driver's guilty plea of July 18, 1983, in St. Louis County Circuit Court, for driving while intoxicated on February 26, 1981. On July 27, 1994, driver appeared for resentencing. Over driver's objection, the state filed a certified copy of the plea, traffic ticket and sentence for the July 18, 1983, guilty plea. Utilizing the two previously pled alcohol-related offenses and the newly-added offense, the

court sentenced driver to time served for the class D felony of driving while intoxicated as a persistent DWI offender. Driver now appeals.

Driver raises two claims of error. First, he argues the sentencing court erred in overruling his objections and allowing the state to file an amended information adding an additional prior DWI offense in order to prove driver was a persistent DWI offender. Driver asserts the court's action in allowing the amended information to be filed at this stage of the proceedings was contrary to RSMo §§ 577.023 (1986) and 545.300 (1986), and Rule 23.08.

■ While RSMo § 545.300 (1986) and Rule 23.08 limit the amendment of informations to prior to the time the jury is sworn and prior to a verdict, respectively, we find no error in the use of the amended information here. Pursuant to the Supreme Court's mandate in *Cobb*, a remand was ordered to permit "the state to present whatever evidence it may have at a resentencing to establish the defendant is, as he was charged and sentenced the first time, a persistent offender." *Cobb*, 875 S.W.2d at 537. The amended information of June 1, 1994, was nearly identical in all respects to the original information, but for the addition of the third alcohol-related offense. As such, the amended information was simply part of the state's effort to comply with the mandate of the Supreme Court.

Also, as suggested by the state, its use of the amended information provided driver with notice of the third additional offense prior to the sentencing hearing. If the state elected not to file the amended information, driver likely would have received no prior notice of the additional conviction. Rather than causing reversible harm, we view the state's use of the amended information as a benefit to driver. Point denied.

■ For his second point, driver argues the court erred in admitting state's Post Appeal Exhibit No. 1, which included several documents relating to the DWI offense added in the amended information. Driver contends the third prior intoxication-related offense was not proven to be a violation of a state law, as opposed to a municipal or county ordinance. A violation of a statute is required for enhancement under RSMo § 577.023.13 (1986),[1] as interpreted by the Missouri Supreme Court in *A.B. v. Frank*, 657 S.W.2d 625, 628 (Mo. banc 1983).

■ We concur with driver that nowhere in the five documents filed by the state to prove up the third intoxicated-related offense is it indicated whether driver pled guilty to a municipal or county ordinance violation or a state statute violation. The state argues the conviction was obtained pursuant to driver's guilty plea in the Circuit Court of the County of St. Louis. RSMo § 478.220.1 (1986) provides that "[c]ircuit judges shall not hear and determine municipal ordinance violation cases, except upon trial de novo...." The state suggests because the record before us gives no indication that the proceedings at issue involved a trial de novo, we must find the third intoxication-related offense was proven to be a violation of state statute rather than an ordinance violation.

However, driver points out that the judge at his guilty plea on the third offense was the Honorable Susan Block, Associate Circuit Judge. Judge Block currently maintains that same position. RSMo § 478.225 (1978), "Associate circuit judges, cases and matters within their jurisdiction," states in relevant part:

2. Each associate circuit judge within the counties or city of St. Louis for which [s]he is an associate circuit judge may hear and determine the following cases or classes of cases:

\* \* \* \* \* \*

(3) All cases of misdemeanor or infraction, except as otherwise provided by law;

\* \* \* \* \* \*

(5) Municipal ordinance violation cases of a municipality with a population of under four hundred thousand for which a municipal judge is not provided.

In the first and second instances, a DWI conviction under state statute is a misdemeanor. RSMo § 577.010 (1978). Thus, driver's plea of guilty to driving while intoxicated in 1983 may have been in regard to violation of a statute.

■ However, the municipality at issue here is Ellisville. As we may take judicial notice of the population of a city, *Sulls v. Director of Revenue, State*, 819 S.W.2d 782, 783 (Mo.App.S.D.1991), we note that according to the 1981–82 Official Manual of the State of Missouri, the population of Ellisville at the time of the 1980 census was 6,233, well below four hundred thousand.[2] The record before us contains no indication as to whether or not a municipal judge was provided for Ellisville. As discussed in RSMo § 478.225.2. (1978), if no municipal judge was available, it was possible for Judge Block to hear a municipal ordinance violation case in Ellisville. Accordingly, in keeping with the mandate of the Supreme Court in *State v. Cobb*, we must remand for a determination as to whether the 1983 conviction involved a state law, which would support driver's sentence as a persistent offender, or a municipal or county ordinance, which would not sustain driver's present sentence.

■ Driver also points out the traffic ticket issued for the added offense was not signed by the prosecutor. Driver suggests the court proceedings on that offense were void *ab initio*, thus rendering the judgment there void. However, "deficiencies in an information, such as the failure of the state's attorney to sign and verify the information . . . may be waived, and . . . the information will be treated as valid if the accused does not attack it by a motion to quash; . . . such mere formal defects are waived by proceeding to trial without objection." *Walster v. State*, 438 S.W.2d 1, 3 (Mo.1969). Driver does not attack the alleged defective ticket through a motion to quash. He simply raises it as one more argument in his appeal. Therefore, we find the information to be valid.

Based on the foregoing, we remand for a determination as to whether driver's 1983 conviction resulted from violation of a state law or a municipal or county ordinance for purposes of enhancement. If it is found the third conviction resulted from a violation of state statute, driver's sentence should be affirmed. If, instead, it is determined he violated a local ordinance, driver will have to be resentenced as a prior offender rather than a persistent offender. *See* RSMo § 577.023.1(2) and (3). In all other respects we affirm.

REINHARD, P.J., and CRAHAN, J., concur.

---

2. According to the 1990 census, Ellisville's population was 7,545. Therefore, it can logically be assumed at no time between 1980 and 1990 was the population over 400,000.