**STATE of Missouri, Respondent,**

v.

**Donald Martin NEHER, Appellant.**

No. WD 38187.

Missouri Court of Appeals, Western District.

Jan. 13, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1987.

Application to Transfer Denied April 14, 1987.

Farrell D. Hockemeier, Richmond, of counsel, for appellant.

Kenneth J. Berra, Ray County Pros. Atty., Richmond, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PRITCHARD, Presiding Judge.

In a trial to the court, appellant was convicted of driving while intoxicated in violation of § 577.010, RSMo 1978, and was fined $200.00.

At 8:45 p.m., on August 24, 1985, City police officers Conrad and Wheeler were sitting in their marked patrol car just within the city limits of Norborne, Carroll County, Missouri. They observed appellant driving a Ford Escort west on M–10 Highway within the city limits when it crossed the center line and caused a car to pull off the highway. As he left the city limits, he forced another car to pull off the highway. The officers began to follow the vehicle so they could observe it. After appellant reached the 55 miles per hour speed zone, he drove at about 33 to 35 miles per hour. When he had cars meeting him, he would drive right at the lights, and on passing them he would drive off the other side of the road or on the shoulders, back and forth. When there was no traffic coming at him he did not cross the center line.

Conrad notified the Carroll County Sheriff's Department and asked for a trooper but one was not available so he continued to follow the vehicle, keeping it in sight. At about 2.3 miles from the Norborne city limits, Conrad called Ray County on the radio and learned they were working to get a trooper out also, and then he got notification that the trooper was en route, and the Ray County sheriff instructed him to stop the car and get it off the highway.

Conrad turned on the patrol car lights and stopped the vehicle, approached it and appellant then rolled down his window. Conrad noticed a very heavy odor of alcohol. He told appellant he was from Norborne, and there was a trooper en route, and that he would like him to remain in the vehicle because of his erratic driving. He asked appellant if he would mind and he said no. Appellant did show him his driver's license, and Conrad took the license and kept it until the trooper arrived. Conrad testified that he did not place him under arrest or issue any type of citations to him, and the officers just stayed there directing traffic until Trooper Roger Gerry arrived about 9:15 p.m. Gerry asked appellant to get out of the car, and when he did he was stumbling and holding onto the vehicle to stand up. He was mumbling and got rather combative.

When Trooper Gerry arrived for the purpose of stopping the car, he found it to be already stopped. He asked appellant to step out of his vehicle, and as they proceeded to the patrol car, appellant was unstable on his feet, and Gerry reached for his arm which he did not appreciate and they had a discussion about it. Gerry noticed a strong odor of alcohol on appellant, and on two passengers in the car. He did not run a field sobriety test on appellant, feeling he was so unstable that he did not want him to injure himself, so he waited until he got to the sheriff's office, where appellant did poorly on the tests causing Gerry to believe that he was definitely intoxicated. A breathalyzer test was performed showing that appellant had a BAC of .27 of 1 percent.

In his sole point appellant contends that the trial court erred in overruling his motion to suppress evidence of his intoxication because it was the product of an illegal arrest in that it was done by a fourth class city police officer outside his jurisdiction.

■ In the case of *City of Advance v. Maryland Casualty Company*, 302 S.W.2d 28, 32 (Mo.1957), it was held that a police officer, the city marshal of a fourth class city (such as Norborne here) was not em-

powered to go beyond the limits to effectuate an arrest without process under the statute, now § 85.610 RSMo 1978. Albeit that Conrad was instructed by the sheriff of Ray County over the radio to stop appellant's car and get it off the highway, Conrad nonetheless had no power to stop appellant and arrest him. That an arrest actually occurred is borne out by the facts that Conrad put on the red lights of his patrol car, causing appellant to pull over and stop; that Conrad went to the car and told appellant he was from Norborne and that there was a trooper en route; and that he would like him to remain in the vehicle because of his erratic driving. Conrad then had on his badge, was wearing a gun, and was driving a marked patrol car. He retained appellant's driver's license, which he had shown him, until Trooper Gerry arrived, and then gave it to the trooper, the Norborne officers telling him that they believed that appellant was intoxicated.

Appellant correctly refers to *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497, 509 (1980), for the proposition that a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. See also *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660, 667 (1979), for the statement that the stopping of an automobile and detaining its occupants constitutes a seizure within the meaning of the Fourth and Fourteenth Amendments, even though the purpose of the stop is limited and the resulting detention brief. Under the facts here, that Conrad put on his red lights and stopped the vehicle; told appellant that a trooper was en route; requested him to remain in the vehicle; and took the driver's license and retained it, appellant reasonably would have believed that he was not free to leave. Since Conrad had no authority to make arrests beyond the city limits of Norborne, the stopping and detention of appellant was unlawful. That, however, does not end the inquiry, which is whether the subsequent and second arrest by Trooper Gerry was tainted by the unlawful arrest by officer Conrad, as to amount to "fruit of the poisonous tree" under *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), so as to make the evidence subsequently ascertained by Trooper Gerry subject to appellant's motion to suppress it.

On cross-examination, Trooper Gerry testified further: He was south of Richmond on 13 Highway when he received a call that a Norborne officer believed he had an intoxicated driver and they wanted Gerry to be en route to intercept him, to watch for the vehicle which was what he was doing. He was told that the vehicle was outside the Norborne city limits, and that the Norborne officer had stopped him as he was arriving. He heard the Ray County sheriff's office telling the Norborne officer to stop the vehicle before it caused an accident. Before Gerry talked with appellant, Conrad told him that the vehicle had been on the wrong side of the road several times and was driving in a very erratic manner, but as far as the intoxication, that was Gerry's own observation, although the Norborne officers told him they believed he was intoxicated. Clearly, all of the evidence of appellant's intoxication was obtained by Trooper Gerry, who arrested him (the second arrest) based upon his own investigation which was, therefore, not discovered through any exploitation of the first arrest. "[T]he proper focus is whether the evidence has been discovered through an exploitation of the illegality or instead through means sufficiently distinguishable to be purged of any taint." *Settle v. State,* 679 S.W.2d 310, 320[18] (Mo. App.1984). *State v. Lynch,* 528 S.W.2d 454, 459[8] (Mo.App.1975), *State v. Thomas,* 491 S.W.2d 328, 330 (Mo.1973), and other cases were cited as those "which made it clear that the doctrine of the fruits of the poisonous tree is inapplicable if the evidence emanated from an independent source, or the causal connection between the primary illegality and the prosecution's proof became so attenuated as to dissipate the taint." See also *State v. Reasonover,* 700 S.W.2d 178, 183[8, 9] (Mo.App.1985).

Under the facts here, the Wong Sun doctrine does not apply, and the trial court properly overruled the motion to suppress Trooper Gerry's testimony.

The judgment is affirmed.

All concur.