Charles A. **GREEN**, Appellant,

v.

**DIRECTOR OF REVENUE**, Respondent.

No. WD 39672.

Missouri Court of Appeals,
Western District.

Feb. 23, 1988.

M.A. Thalman, Platte City, for appellant.

David A. Dolph, Office of the Pros. Atty., Platte City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and NUGENT, JJ.

LOWENSTEIN, Judge.

Charles A. Green appeals the revocation for one year of his Missouri driver's license pursuant to the terms of § 577.041 RSMo 1986. That section allows revocation by the Department of Revenue when a person under arrest refuses a request by the arresting officer to submit to a chemical test for alcohol content of the blood. Green's allegation of error focuses on the circumstances and events prior to his refusal to submit to the blood test. His basic contention is that because he was initially arrested by a Weston, Missouri police officer who was acting outside his jurisdictional limits, any evidence that resulted from the subsequent arrest by a Platte County Sheriff's Deputy should be considered the result of an unlawful exploitation of that arrest and excluded. The Weston officer saw Green run a stop sign just inside the city limits. The officer made the stop outside Weston, a fourth class city.

Respondent Director of Revenue concedes that the stop by the Weston officer was an arrest made without authority and therefore unlawful. During the course of this unlawful arrest the Weston officer detected an odor of alcoholic beverage on Green's breath, and Green admitted that he had been drinking. The officer radioed driver's license information to the Platte County Sheriff's Department, was asked whether he needed assistance, and requested assistance, stating his belief that Green was intoxicated. The sheriff's deputy responded to the scene. He questioned Green and administered three field sobriety tests, none of which were performed successfully by Green. The Platte County Deputy then placed Green under arrest for the initially observed violation of failing to stop behind a municipal stop sign and for driving while intoxicated. Green again acknowledged that he had been drinking beer. After being taken to the Platte County Sheriff's office, Green refused to take the breathalyzer test. Green's driving record shows three prior revocations related to careless driving and alcohol related charges.

As noted, the revocation of Green's driver's license is pursuant to the provisions of § 577.041 RSMo. Under this section, an individual arrested for driving while intoxicated (§ 577.010) or for driving with excessive blood alcohol content (§ 577.012) who refuses to submit to a chemical test can

have the evidence of his refusal used in a proceeding under those particular sections. Section 577.041.1. In addition, "the arresting officer, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated condition and that, on his request, refused to submit to the test." *Id.* The director receiving the officer's report "shall revoke the license of the person refusing to take the test for a period of one year...." *Id.*

The possibility for court review of the revocation is provided. "At the hearing the judge shall determine only: (1) whether or not the person was arrested; (2) whether or not the arresting officer had reasonable grounds to believe the person was driving ... while ... intoxicated; and (3) whether or not the person refused to submit to the test." Section 577.041.2. Both parties characterize the issue here as whether Green was lawfully arrested.

As noted, it is Green's position his arrest by the sheriff's deputy was an exploitation of the unlawful arrest made by the Weston officer. This, he argues, taints the evidence gained by the second officer and necessitates its exclusion. The precise question before this court is whether the exclusionary rule should be applied in this case.

■ Pertinent to the answer is the fact that "[c]ourt review of a revocation for failure to take a chemical breath test is judicial review of an administrative decision, and is a civil proceeding." *Delaney v. Missouri Dept. of Revenue*, 657 S.W.2d 354, 356 (Mo.App.1983). In general, the technical rules of evidence do not control in an administrative hearing, and reception of inadmissible evidence does not dictate a reversal unless there is not sufficient competent evidence to sustain the decision. *Giessow v. Litz*, 558 S.W.2d 742, 750 (Mo.App.1977). In particular, the administrative proceeding for revocation of a driver's license is not subject to the rules of evidence in criminal cases. *Tolen v. Missouri Dept. of Revenue*, 564 S.W.2d 601, 602 (Mo.App.1978).

■ Persuasive on this point is a recent Iowa Supreme Court decision which upheld an agency action revoking a driver's license for driving while intoxicated. *Westendorf v. Iowa Dept. of Transportation*, 400 N.W. 2d 553 (Iowa 1987). In *Westendorf*, the court rejected the district court's conclusion that the exclusionary rule formulated under the fourth and fourteenth amendments to the United States Constitution extended to the use of evidence in a civil case as well as in criminal proceedings, refusing "to extend that far the reach of that court-made rule." *Id.* at 556. While allowing that the exclusionary rule applied in criminal prosecutions for driving while intoxicated, the court cited authority from the United States Supreme Court as well as other courts that had found the exclusionary rule inapplicable to proceedings that are civil rather than criminal in nature. *Id.* at 556-57. The court concluded that the improbable deterrent effect of applying the rule in license revocation proceedings, when weighed against the loss of reliable and relevant proof and the high priority given to enforcement of laws prohibiting drunk driving, necessitated a finding that the exclusionary rule was inapplicable in the license revocation proceeding. *Id.* at 557. This court is persuaded that the logic of *Westendorf* is sound and the conclusion is warranted.

Bolstering this conclusion is a recent case decided by this court. *State v. Neher*, 726 S.W.2d 362, 363 (Mo.App.1987), involved a criminal prosecution for driving while intoxicated which resulted from similar factual circumstances. In *Neher*, city police officers observed a violation inside their jurisdiction and followed the car out of their jurisdiction. *Id.* Their observations led them to conclude the driver was intoxicated. *Id.* They requested an officer with authority, but since none was immediately available, they were requested to pull the car over, which they did. *Id.* They took the driver's license and advised him a trooper was en route. *Id.* The trooper arrived, and making his own observation and investigation, concluded the driver was intoxicated. *Id.*

Upon conviction, the driver appealed on the ground that his motion to suppress evidence of his intoxication because it was the product of an illegal arrest was improperly overruled. *Id.* Significantly, the court held that the arrest by the police officers was unlawful. *Id.* at 364. More significant was the further inquiry. The opinion identified the proper focus of inquiry as whether the evidence had been discovered through an exploitation of the illegality or instead through means sufficiently distinguishable to be purged of any taint. *Id.* The court held that "all of the evidence of appellant's intoxication was obtained by Trooper Gerry, who arrested him (the second arrest) based upon his own investigation which was, therefore, not discovered through any exploitation of the first arrest." *Id.* On the similar facts before us, that is, city officers seeing an ordinance violation, pursuit outside their jurisdiction, observations suggesting intoxication, an unlawful arrest, and a second arrest by an officer with proper authority after his own investigation, we reach the same conclusions. The evidence was properly considered.

Because of the inapplicability of the exclusionary rule to this civil license revocation and based on the authority of *Neher*, the decision to revoke Green's driver's license is affirmed.