John Eugene SULLINS, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 19669.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 10, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance, for respondent.

MONTGOMERY, Judge.

This appeal involves judicial review of the revocation of John Eugene Sullins' driving privileges for refusing a chemical test for intoxication under § 577.041.[1] After a hearing the trial court ordered reinstatement of Sullins' driving privileges. The Director of Revenue (Director) appeals. The judgment is reversed.

In the early morning hours of March 3, 1990, Officers Ely and Kidwell of the Houston, Missouri, City Police Department were on patrol within the city limits of Houston. They spotted a vehicle driven by Sullins pass another vehicle, and the officers began to follow Sullins. According to Officer Kidwell, the only witness to testify at the hearing, a high speed chase ensued to a point just outside the Houston city limits. At that point Sullins attempted to turn left but drove into a ditch instead.

Officer Kidwell testified that Officer Ely administered field sobriety tests which resulted in Sullins' arrest. He was taken to the sheriff's office where he refused to take a breath analysis test.

Based on Officer Ely's report of the occurrence, the Director revoked Sullins' driving privileges for one year for "refusal to take chemical test."

At the hearing on Sullins' petition for review under § 577.041, he contested only the validity of his arrest. He argued that before there could be a refusal, there had to be a valid arrest, and his arrest was invalid because the arresting officers were outside the city limits. Accepting this argument, the trial court found that (a) the arresting officers were municipal officers of the municipality of Houston, Missouri; (b) the arresting officers did not identify or arrest Sullins within the corporate limits of the city of Houston, Missouri; (c) both the identification and the arrest of Sullins occurred outside the corporate city limits of the city of Houston, Missouri; (d) the arresting officers had no official power to apprehend Sullins beyond the boundaries of their municipality; and (e) there was no valid arrest of Sullins. Implicitly, the trial court determined that evidence of Sullins' refusal could not be considered because his arrest was invalid. Consequently, the court ruled that the revocation of Sullins' driving privileges be reversed.

■ When reviewing the revocation of a driver's license for a refusal to submit to a chemical test, the trial court shall determine only the following: (1) whether the person was arrested, (2) whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and (3) whether the person refused to submit to the test. § 577.041.2. A finding that any one of these criteria has not been met requires reinstatement of driving privileges. § 577.041.3.

■ Our standard of review is recited in *Borgen v. Director of Revenue,* 877 S.W.2d 172 (Mo.App.1994). The trial court's decision must be affirmed unless it is unsupported by

---

1. Because the alleged refusal occurred in 1990, the applicable statute at that time was § 577.041, RSMo Supp.1987. This opinion refers to that version of the statute.

substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Id.* at 174. In this case our focus is directed towards whether or not the trial court correctly applied the law concerning the consequences of Sullins' invalid arrest.

■ The Director's sole point claims that the validity of the arrest was irrelevant in this civil proceeding because the exclusionary rule does not apply in civil proceedings.[2] We agree.

■ Even if the stop by Officers Ely and Kidwell was illegal, the evidence of Sullins' arrest and refusal may be considered in this case. In Missouri, the limited applicability of the exclusionary rule has been clearly stated. "[E]vidence obtained in an illegal manner is not subject to the exclusionary rule except in criminal cases. *In re Littleton,* 719 S.W.2d 772, 775 n. 2 (Mo.banc 1986)." *State ex inf. Peach v. Boykins,* 779 S.W.2d 236, 237 (Mo.banc 1989). The circuit court review of a revocation for refusal to take a chemical breath test is a civil proceeding. *Green v. Director of Revenue,* 745 S.W.2d 818, 820 (Mo.App.1988).

Numerous cases in this state have addressed the issue of whether the exclusionary rule is applicable to a driver's license revocation or suspension proceeding. Some of those cases are *Sulls v. Director of Revenue,* 819 S.W.2d 782 (Mo.App.1991); *Green v. Director of Revenue, supra;* and *James v. Director of Revenue,* 767 S.W.2d 604 (Mo.App. 1989). In *Kimber v. Director of Revenue,* 817 S.W.2d 627 (Mo.App.1991), the court said:

> Missouri courts recognize the inapplicability of the fourth amendment's exclusionary rule to civil proceedings. U.S. Const. amend. IV. *See James,* 767 S.W.2d at 611–12 (citing *In re Littleton,* 719 S.W.2d 772, 775 n. 2 (Mo.banc 1986); *see also Green,* 745 S.W.2d at 820. The circuit court's de novo review of Mr. Kimber's

driver's license suspension hearing is a civil proceeding. *James,* 767 S.W.2d at 612; *see also Green v. Director of Revenue,* 745 S.W.2d 818, 820 (Mo.App.1988). The Supreme Court in *Littleton* stated "we note that evidence obtained in an illegal or unethical manner is not subject to an exclusionary rule except in criminal cases." 719 S.W.2d at 775 n. 2 (citing *Diener v. Mid–American Coaches, Inc.,* 378 S.W.2d 509, 511 (Mo.1964)).

*Id.* at 631.

■ Based on the foregoing cases, we conclude that the trial court erred by applying the exclusionary rule in this proceeding. Substantial evidence in the record shows that (1) Sullins was arrested, (2) the arresting officers had reasonable grounds to believe that Sullins was driving a motor vehicle while in an intoxicated condition, and (3) Sullins refused to submit to the test.

We are authorized to enter the order the trial court should have entered. Rule 84.14; *Sulls,* 819 S.W.2d at 784. The judgment of the trial court is reversed. The Director's revocation of Sullins' driving privileges is reinstated.

SHRUM, C.J., and FLANIGAN, J., concur.

---

**2.** Sullins does not favor this Court with a brief. Regardless, he made his position known in the trial court, albeit without citation of authority.