**Gail Joy EBERSOLE, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Appellant.**

No. 20058.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 15, 1995.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant-appellant.

No appearance for plaintiff-respondent.

SHRUM, Chief Judge.

The Director of Revenue appeals from an order of the Circuit Court of Greene County, which set aside the suspension of Gail Joy Ebersole's driving privilege in Missouri. Respondent Ebersole has filed no brief. We vacate the judgment of the trial court.

### FACTS

On April 14, 1994, Ebersole was arrested for driving while intoxicated. On that date, notice of revocation of driving privilege was issued to Ebersole by the arresting officer advising her, "As a result of your refusal to submit to a chemical test of your blood alcohol content, your driving privilege will be revoked 15 days from the date this notice is issued ... for a period of one-year."

A preprinted portion of the notice stated, "Pursuant to Sections 302.311 and 577.041, RSMo. if you wish to contest the revocation of your privilege to drive, you must petition for a hearing before the Circuit Court in the county where the arrest occurred. A petition for review must be filed within 30 days from the date this notice is issued...."

On July 1, 1994, Ebersole petitioned the Circuit Court of Greene County for review of the Director's decision. In her petition, Ebersole requested "a hearing pursuant to § 577.040 to determine (1) whether or not Plaintiff was arrested; (2) whether or not the arresting officer had reasonable grounds; and (3) whether or not Plaintiff, in fact refused to submit to the test."

Upon filing of the petition, the trial court entered a temporary restraining order in which it enjoined the Director from enforcement of any revocation or suspension orders and ordered a full hearing on the issues on September 29, 1994. After several continuances, on December 29, 1994, the trial court "permanently order[ed] the Department of Revenue to cease and desist in its efforts to suspend the driving privileges of the Plaintiff."

### DISCUSSION AND DECISION

On appeal, the Director challenges the court's jurisdiction, contending that Ebersole filed her petition more than 30 days after the giving of the notice of suspension.

Section 302.311, RSMo 1994, provides, in pertinent part:

"In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked."

Section 536.110, RSMo 1994, provides, in pertinent part:

"1. Proceedings for review may be instituted by filing a petition in the circuit

court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

 The 30–day period runs from the date of delivery or mailing of the notice of revocation. *Gustafson v. Director of Revenue,* 877 S.W.2d 138, 139 (Mo.App.1994) (citing *Welch v. Director of Revenue,* 859 S.W.2d 230, 231 (Mo.App.1993). Failure to file a petition for review within the 30–day period prescribed by § 302.311, RSMo 1994, deprives the circuit court of subject matter jurisdiction. *Randles v. Schaffner,* 485 S.W.2d 1, 2[4] (Mo. 1972). "It is elementary that where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void." *Id.* at 2[3] (citation omitted).

Because the trial court had no jurisdiction, its order is void. We vacate the judgment of the trial court.

CROW and PARRISH, JJ., concur.