Percy Joe LEWIS, Respondent,

v.

## DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 20346.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for respondent.

PARRISH, Judge.

This appeal is from the judicial review of revocation of driving privileges of Percy Joe Lewis. The trial court ordered reinstatement of Lewis' driving privileges. This court reverses.

Lewis was arrested August 21, 1993, in McDonald County, Missouri, for driving while intoxicated. He was arrested by a Southwest City police officer outside the city limits of Southwest City, a fourth class city. The arresting officer was not a commissioned law enforcement officer in any jurisdiction other than Southwest City. After his arrest, Lewis refused to submit to a chemical breath test for intoxication.

The arresting officer submitted a report of the incident to the Director of Revenue (the director) in accordance with § 577.041.1.[1] Upon receipt of that report, the director revoked Lewis' operator's license. *Id.* On December 2, 1993, more than 30 days after the director mailed notice of the license revocation, Lewis filed a Petition for Review of Revocation of Privilege of Operating Missouri Motor Vehicle and for Restraining Order in the Circuit Court of McDonald County.

An amended petition was filed February 4, 1994. It is in two counts. Count I is entitled the same as the original petition. Count II is entitled Petition for Injunction and Other

---

1. References to statutes are to RSMo Supp.1992 unless otherwise stated.

Appropriate Relief. In addition to pleading the facts relative to Lewis' arrest, Count II alleges "[t]hat the Plaintiff has no adequate remedy at law and irreparable damage will result to him if the Court does not grant the relief prayed herein." It seeks an order enjoining the director "from revoking the drivers [sic] privilege of [Lewis] and further ordering said Director to fully reinstate [Lewis'] drivers [sic] privilege and to cease and desist from enforcing any previous order revoking same, and for such other and further orders as to the Court may seem just and proper...."

The trial court found for the director on Count I of the amended petition and for Lewis on Count II. The trial court's judgment as to Count II found "that the arrest of [Lewis] by the Municipal Office [sic] of the City of Southwest City was illegal, in that, said Officer had no authority to detain or arrest [Lewis], since [Lewis] was outside the Municipal City Limits of Southwest City." [2] The judgment enjoined the director from revoking Lewis' driving privilege and ordered the director to "fully reinstate [Lewis'] drivers [sic] privilege and cease and desist from enforcing any previous order revoking or suspending same arising out of the illegal arrest of [Lewis] on August 23, 1993."

■ The director contends by this appeal that the trial court erred in reinstating Lewis' license "because the court did not have subject matter jurisdiction to review said revocation, in that [Lewis] failed to timely file his petition for review." Sections 302.311, RSMo 1986, and 536.110.1, RSMo 1986, require petitions for review of revocations of licenses by the director to be filed within 30 days after the mailing of the notice of the revocation.

Lewis argues that the trial court had jurisdiction to enter judgment on Count II in his favor. He bases his argument on the fact that he was illegally arrested. He contends

that because of this, the director lacked authority to revoke his license. He cites *King v. Priest*, 357 Mo. 68, 206 S.W.2d 547 (banc 1947), for the proposition that an agency "proceeding or threatening to proceed without jurisdiction and in excess of their powers granted, may be restrained."

In *King* members of the St. Louis Police Department challenged a rule of the Board of Police Commissioners that prohibited police officers from belonging to unions. A motion to dismiss was filed alleging "that the court had no jurisdiction over the subject matter of the action; that no actual justiciable controversy existed; that the petition did not state facts sufficient to entitle plaintiffs *to the relief asked, nor to any relief; and* that [the petition] had failed to state a claim upon which relief could be granted." *Id.*, 206 S.W.2d at 550. The trial court granted the motion to dismiss.

On appeal the trial court was reversed. The Supreme Court held that the petition stated a cause of action upon which relief could be granted; that the parties were entitled to have the issue presented determined on the merits. In reaching its decision, the court acknowledged, as suggested by Lewis, that "[a]n administrative officer or agency proceeding or threatening to proceed without jurisdiction and in excess of powers granted may be restrained." *Id.* at 551.

The holding in *King*, however, does not assist Lewis under the facts in this case. In *King* there was no mechanism in place from which parties aggrieved as a result of police board regulations could seek relief. *King* held, under those circumstances, that review by means of an action for declaratory judgment was appropriate and, if relief was warranted, the agency enacting the regulations, or officers within that agency, could be restrained from enforcing the regulations.

■ Here, unlike in *King*, there was a means for seeking relief. Section 302.311,

---

**2.** C.C.S.H.C.S.S.C.S.S.B. 180, 1993 Mo.Laws § D, amended § 544.157, RSMo 1986, to permit peace officers of any political subdivision of Missouri who are "certified under chapter 590,

RSMo," to pursue certain offenders beyond city boundaries. That change became effective August 28, 1993, subsequent to Lewis' arrest.

RSMo 1986, permits a person whose license is revoked by the director to appeal the revocation to the circuit court.

> [T]he legislature is authorized to, and did, provide a method of review by designating the court and the time within which such review should be sought. Such procedure having been established, failure to comply with the statute is jurisdictional. *Warnecke v. State Tax Commission*, Mo., 340 S.W.2d 615 [ (1960) ]; *State ex rel. Burns v. Stanton*, Mo.App., 311 S.W.2d 137 [ (1958) ]. Although the court may be a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power. *State ex rel. Kansas City v. Public Service Commission of Missouri*, 362 Mo. 786, 244 S.W.2d 110 [ (1951) ].

*Randles v. Schaffner*, 485 S.W.2d 1, 3 (Mo. 1972). *See also, Ebersole v. Director of Revenue*, 904 S.W.2d 93, 95 (Mo.App.1995).

■ Although the foregoing disposes of the point presented by this appeal, this court notes that Lewis would not have been entitled to relief even if his appeal had been timely. "The circuit court review of a revocation for refusal to take a chemical breath test is a civil proceeding. *Green v. Director of Revenue*, 745 S.W.2d 818, 820 (Mo.App. 1988)." *Sullins v. Director of Revenue*, 893 S.W.2d 848, 850 (Mo.App.1995). The validity of Lewis' arrest was irrelevant because the exclusionary rule does not apply in civil proceedings. *Id.*, citing *State ex inf. Peach v. Boykins*, 779 S.W.2d 236, 237 (Mo. banc 1989).

The judgment is reversed. The director's revocation of Lewis' driver's license is reinstated.

PREWITT, P.J., and SHRUM, C.J., concur.

