David W. **GARRIOTT**, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Appellant.

No. WD 62710.

Missouri Court of Appeals,
Western District.

Jan. 27, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 2004.

Application for Transfer Denied
April 27, 2004.

James A. Chenault, III, Jefferson City, MO, for appellant.

F. Randall Waltz, III, Jefferson City, MO, for respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE and PAUL M. SPINDEN, JJ.

THOMAS H. NEWTON, Presiding Judge.

The Director of Revenue (Director) revoked Mr. David W. Garriott's driver's license pursuant to section 577.041,[1] for refusing to submit to a breath analysis test. The trial court found that the initial stop leading to Mr. Garriott's arrest was invalid. At a hearing, the trial court invoked the exclusionary rule to exclude all evidence subsequently collected. Then, the trial court reinstated Mr. Garriott's driving privileges. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Missouri State Highway Patrol Trooper Scott Carey observed an automobile accident between Mr. Garriott's vehicle and another vehicle. Mr. Garriott's truck was stopped at a stop sign when another truck struck the back of his truck. Trooper Carey approached the scene, but Mr. Garriott drove off. Trooper Carey became concerned, so he motioned for the second vehicle to follow him in an attempt to catch up with Mr. Garriott.

Trooper Carey eventually stopped the vehicle and explained that he had seen the accident and he wanted to ensure that Mr. Garriott was not hurt and find out why he had left. Mr. Garriott told Trooper Carey that he had not stopped because his truck was already in bad shape and he was not concerned about any additional damage it might receive.

While speaking with Mr. Garriott, Trooper Carey detected a strong odor of alcohol coming from the truck and noted that Mr. Garriott's eyes were watery and bloodshot. Trooper Carey asked Mr. Garriott to exit his truck to determine if he was intoxicated. Trooper Carey formed the opinion that Mr. Garriott was intoxicated and arrested him. At trial, Mr. Garriott stipulated that there were reasonable grounds to believe he was intoxicated and that he refused to take a test to determine his blood alcohol level.

Mr. Garriott only contested the arrest. He claimed that Trooper Carey did not properly arrest him because the stop was invalid. Based on this assertion about the invalidity of his arrest, Mr. Garriott claimed that all of the evidence collected after this invalid stop and subsequent arrest must be excluded. The Director asserted that a license revocation for refusal to submit to a test is a civil proceeding, and the exclusionary rule does not apply. The trial court held that Mr. Garriott was not under arrest at the time he refused the test because Trooper Carey had no reason to stop him. The trial court excluded all of the evidence uncovered after that stop and reinstated Mr. Garriott's license.

The Director appeals, asserting that whether Mr. Garriott was properly stopped is irrelevant in a civil proceeding under section 577.041. We agree.

## II. STANDARD OF REVIEW

This case is governed by the standard of review set out in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Innis v. Dir. of Revenue*, 83 S.W.3d 691, 694 (Mo.App. W.D.2002). We will affirm the trial court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. The judgment of the trial court will be

---

1. Unless otherwise indicated, all statutory references are to RSMo.2000.

set aside only when we have a firm belief that the judgment is wrong. *Id.*

### III. LEGAL ANALYSIS

■ When a person's driver's license is suspended under section 577.041 for refusing to submit to a test to determine blood alcohol content, that person may petition for review before a trial court. § 577.041.4. At the hearing, the trial court shall determine *only* three things: (1) whether the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe the person was driving a motor vehicle while in an intoxicated or drugged condition;[2] and (3) whether the person refused to submit to the test. *Id.* The Missouri courts have repeatedly stated that the trial court is limited to consideration of only these questions, and the inquiry ends once these three questions are answered. *E.g., Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002); *Innis,* 83 S.W.3d at 694–95. The courts have also made it clear that such revocation proceedings are administrative and civil. *E.g., Innis,* 83 S.W.3d at 695–96; *Hedrick v. Dir. of Revenue,* 839 S.W.2d 300, 301 (Mo.App. W.D.1992).

Mr. Garriott stipulated to the second and third issues under section 577.041.4, leaving only the arrest in dispute. He argued that the initial stop of his vehicle was invalid, which meant that his arrest was unlawful. He also argued that the exclusionary rule applies to this situation, so any evidence obtained after his arrest should be excluded.

**The Exclusionary Rule does not Apply in Civil Proceedings under Section 577.041.**

■ Our court determined that the exclusionary rule does not apply to section 577.041 revocation hearings when we considered this issue in *Green v. Director of Revenue.* 745 S.W.2d 818 (Mo.App.W.D. 1988). In *Green* we did not just indiscriminately decide that a license revocation under section 577.041 is administrative; we relied on prior case law that had already made it clear that such proceedings are administrative and civil. *Id.* at 820. Based on that firm foundation, we held that the administrative proceeding for revocation of a driver's license because of refusal to submit to a test "is not subject to the rules of evidence in criminal cases." *Id.* In fact, as far back as 1978 our courts determined that an administrative proceeding for revocation of a license because of refusal to submit to a test is not subject to the rules of evidence in a criminal case. *Tolen v. Mo. Dep't. of Revenue,* 564 S.W.2d 601, 602 (Mo.App.1978).

The Southern District has similarly found that the exclusionary rule does not apply to proceedings under section 577.041. *See St. Pierre v. Dir. of Revenue,* 39 S.W.3d 576, 579 (Mo.App. S.D.2001); *Sullins v. Dir. of Revenue,* 893 S.W.2d 848, 850 (Mo.App. S.D.1995). *Sullins* presents a situation very similar to this case. Mr. Sullins engaged in a high-speed chase with Houston, Missouri, police officers and was arrested after he left the Houston city limits. 893 S.W.2d at 849. He refused to take a breath analysis test and his license was revoked under section 577.041. *Id.* He contested the validity of his arrest, asserting that his arrest was invalid because the officers were outside the city limits. *Id.* He then claimed that before there could be a refusal there had to be a valid arrest. *Id.* The trial court agreed and reinstated his license. *Id.* The South-

---

**2.** Section 577.041.4 lists two other grounds the officer could reasonably believe existed, but neither applies to this case.

ern District reversed, saying that even if the stop was illegal, the evidence of Mr. Sullins' arrest and refusal could be considered. *Id.* at 850. The court held that the exclusionary rule did not apply because this was a civil proceeding. *Id.* Although Mr. Garriott's reason for claiming the arrest is invalid is different from Mr. Sullins' reason, his intended result is the same—he did not refuse under section 577.041 because he was not validly arrested. We find that the reasoning of the Southern District is equally applicable here and the exclusionary rule does not apply.

Furthermore, the Missouri Supreme Court has recently reaffirmed that the exclusionary rule does not apply to civil license revocation proceedings. *Riche v. Dir. of Revenue,* 987 S.W.2d 331, 334–35 (Mo. banc 1999). Although *Riche* specifically addresses license revocations under section 302.505, such proceedings are not different in character from license revocations under section 577.041 and *Riche's* holding applies to this case, notwithstanding Mr. Garriott's assertions to the contrary. Proceedings under both sections 302.505 and 577.041 are civil. The reasons to not apply the exclusionary rule to section 302.505 hearings are equally pertinent to section 577.041 hearings. In fact, the Supreme Court relies on cases relating to revocations under both sections 302.505 and 577.041 in holding that the exclusionary rule does not apply to civil license revocations. *Id.* (citing, for example, *Gordon v. Dir. of Revenue,* 896 S.W.2d 737 (Mo.App. E.D.1995) (section 302.505 case); *Sullins,* 893 S.W.2d 848 (section 577.041 case); *Hatfield v. Dir. of Revenue,* 907 S.W.2d 207 (Mo.App. S.D.1995) (section 302.505 case); *Green,* 745 S.W.2d 818 (section 577.041 case); and *Tolen,* 564 S.W.2d

601 (predecessor to section 577.041 case)). All the districts of the court of appeals have similarly relied on cases about both sections when discussing revocations under either section. *See e.g., Innis,* 83 S.W.3d at 695 (Western District section 577.041 case relying on a section 302.505 case); *St. Pierre,* 39 S.W.3d at 579 (Southern District section 577.041 case listing numerous cases relating to both sections 302.505 and 577.041 in discussing that Missouri does not apply the exclusionary rule to review of a license revocation); *Gordon,* 896 S.W.2d at 740 (Eastern District section 302.505 case listing several cases about both sections 302.505 and 577.041 in stating that civil revocation proceedings repeatedly hold that the exclusionary rule does not apply).

In claiming that *Riche* does not apply to this case, Mr. Garriott is trying to draw a distinction between proceedings that the Missouri courts have established does not exist. Cases relating to revocations under either section are regularly relied on in subsequent cases under either section. The proceedings under each section are of the same character and *Riche* clearly can be relied on in this section 577.041 case. Based on *Riche,* the exclusionary rule did not apply to this civil proceeding to consider revocation of Mr. Garriott's license for refusing to submit to a test of his blood alcohol content. Such evidence of his refusal was admissible. Also, even if the stop was illegal, the evidence obtained would not be inadmissible in this civil case. *Lunsford v. Dir. of Revenue,* 969 S.W.2d 833, 835 (Mo.App. S.D.1998). The trial court misstated the law in holding that *Riche* did not apply to this case and in invoking the exclusionary rule.[3]

---

**3.** We discussed the exclusionary rule and established that *Riche* applies to both sections 302.505 and 577.041 because Mr. Garriott

asserted that the initial stop was invalid and, therefore, all evidence subsequently collected must be excluded. But Mr. Garriott's conten-

## IV. CONCLUSION

The trial court misapplied the law when it held that the exclusionary rule applied to this civil proceeding under section 577.041. We may enter the judgment the trial court should have entered. Mo. Court Rule 84.14 (2003); *St. Pierre*, 39 S.W.3d at 580. The judgment of the trial court is reversed. The Director's revocation of Mr. Garriott's driving privileges is reinstated.

PATRICIA BRECKENRIDGE and PAUL M. SPINDEN, JJ., concur.

---

tion that the validity of the stop matters in this case is meritless. Section 577.041.4 is very clear about what the trial court can consider in a hearing about a revocation for refusal to take a test: whether the driver was arrested, whether the officer had reasonable grounds to believe the driver was driving while intoxicated, and whether the driver re-

fused to take the test. The statute does not require a showing that the initial stop was valid, or even that the arrest was lawful. The Supreme Court made it very clear in *Hinnah* that a statute must be enforced as written and that the courts cannot read additional requirements into the statute. 77 S.W.3d at 618–21.