Thomas Michael **BIEKER**,
Plaintiff–Respondent,

v.

**DIRECTOR OF REVENUE**, State of
Missouri, Respondent–Appellant.

No. SD 30466.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 23, 2010.

Motion for Rehearing or Transfer
Denied Jan. 14, 2011.

Chris Koster, Atty. Gen., Jonathan H. Hale, Jefferson City, for Appellant.

Stephen Charles Fenner, Springfield, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Thomas Michael Bieker was arrested for driving while intoxicated ("DWI") and refused a breath test. The Director of Revenue ("the Director") subsequently revoked Bieker's driving privileges for one year pursuant to section 577.041,[1] and Bieker filed a petition for review in the Circuit Court of Greene County. The circuit court found that Bieker was not legally arrested and that the officer did not have "valid reasonable cause" to believe that Respondent was driving while intoxicated. We affirm.

The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the trial court erroneously declared or applied the law. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010). We view the evidence in the light most favorable to the judgment and where the facts

---

1. All references to statutes are to RSMo Cum. Supp.2009, unless otherwise specified.

relevant to an issue are contested, deference is given to the circuit court's assessment of that evidence. *Id.*

The Director claims the circuit court erred in declaring and applying the law because the reason for the stop is not a valid consideration on judicial review of a refusal under section 577.041, and the officer had probable cause to believe Bieker was driving while intoxicated.

■ Section 577.041 provides that the only three issues to be decided at a post-revocation hearing are: (1) that the person was arrested, (2) that the officer had reasonable grounds [2] to believe that the person was driving while intoxicated, and (3) that the person refused to submit to the test. Section 577.041.4. "If the court determines any issues not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive." Section 577.041.5. At the hearing, the burden of proof is on the director. *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). As the Supreme Court of Missouri recently explained in *White,* "[w]hen evidence is contested by disputing a fact in any manner, this Court defers to the trial court's determination of credibility." *White,* 321 S.W.3d at 308. Furthermore, the trial court is free to believe or disbelieve any or all of the contested evidence. *Id.* at 312.

The Director contends that Bieker did not challenge any of the three issues. As to the second element, the Director contends Bieker did not dispute that he had been drinking, smelled of alcohol, had bloodshot and watery eyes, and slurred speech. The Director contends the court questioned the legality of the stop, not the occurrence of the arrest, and erroneously concluded that the initial stop had to be lawful in order to consider the evidence obtained thereafter. However, the Director admits: "The trial court also found no probable cause to believe that [Bieker] was driving while intoxicated." [3]

■ We agree with the Director that the circuit court erred if it found that everything after the arrest was invalid. The exclusionary rule does not apply in administrative driving revocation civil proceedings. *St. Pierre v. Dir. of Revenue,* 39 S.W.3d 576, 579 (Mo.App. S.D.2001). The lawfulness of a DWI arrest has no impact on whether the driver was "arrested" in satisfaction of the statute. *St. Pierre,* 39 S.W.3d at 580. That does not end our inquiry, however, because the determinative matter is that the circuit court found the Director failed to meet her burden on the second element. The circuit court's judgment, in part, reads: "The arresting officer did not have valid reasonable cause to believe [Bieker] was operating a motor vehicle while in an intoxicated condition."

■ The Director argues that the circuit court erroneously found that the undisputed evidence was insufficient to establish probable cause. In so arguing, the Director ignores our standard of review. The officer claimed to observe (1) the odor of alcohol, (2) bloodshot and glassy eyes, (3) slow, deliberate movements, (4) slurred speech, (5) admission to drinking, (6) the refusal to take standardized field sobriety

**2.** "Reasonable grounds" is essentially synonymous with probable cause. *White,* 321 S.W.3d at 305 n. 6.

**3.** Bieker did not submit a brief, nor was he required to do so. *West v. Dir. of Revenue,* 297 S.W.3d 648, 650 n. 2 (Mo.App. S.D.2009). "There is no penalty for a respondent failing to file a brief, however, this Court is forced to adjudicate the Director's claim of error without the benefit of whatever argument [Bieker] might have raised." *Colhouer v. Dir. of Revenue,* 283 S.W.3d 284, 286 n. 3 (Mo.App. S.D. 2009).

tests, and (7) Bieker's statement of concern that his BAC would be over the legal limit. If believed by the circuit court, these elements certainly establish probable cause; however, "[w]hen evidence is contested by disputing a fact in any manner, this Court defers to the trial court's determination of credibility." *White*, 321 S.W.3d at 308. The circuit court is free to believe or disbelieve any or all of the contested evidence. *Id.* at 312. A circuit court's probable cause determination involves a two-step analysis: (1) determination of the historical facts; and (2) the application of the law to those facts. *Id.* at 309–11. We review the determination of the historical facts under an abuse of discretion standard, giving deference to the inferences the trial court makes, including credibility determinations. *Id.* at 310–11.

> Only if the trial court's judgment is clearly erroneous will an appellate court reverse. This standard of review gives appropriate deference to the trial court's ability to weigh the credibility of the witnesses, and acknowledges the inability of an appellate court to determine credibility from the lifeless pages of a record. Thus, if the trial court's ruling is plausible in light of the record viewed in its entirety, this Court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."

*Id.* (quoting *State v. Milliorn*, 794 S.W.2d 181, 183–84 (Mo. banc 1990)).

Whether the officer had reasonable grounds to believe that Bieker was driving while intoxicated was a contested fact. The Director introduced certified records, including the arresting officer's alcohol influence report. Bieker, for his part, testified that he did not feel intoxicated and had two whiskey and waters and a beer between 8:00 p.m. and 1:45 a.m. Furthermore, Bieker testified that he was stopped at a red blinking light when the arresting officer, who had the right of way at the intersection due to the yellow blinking light on his route, approached the intersection and pulled into the left-hand turn lane and stopped for a few seconds. Bieker then proceeded through the red flashing light as the officer was taking no action to proceed through the blinking yellow light. According to the officer's report, he pulled Bieker's car over because Bieker's car pulled in front of him when he began making a left turn and he had to brake to prevent crashing into Bieker's car. The circuit court chose to believe Bieker's version of events, which implicitly casts doubt on the officer's credibility, including the indications of intoxication the officer claimed to observe.

Under our standard of review, we defer to the circuit court's determination of credibility, and the circuit court is free to believe or disbelieve any or all of the contested evidence. *White*, 321 S.W.3d at 312. Since the evidence as to whether the officer had reasonable grounds to believe Bieker was driving while intoxicated was contested, the trial court was free to believe Bieker's version of events. While this Court may have weighed the evidence differently and reached a different result if we were the trier of fact, the circuit court's ruling, in light of the record viewed in its entirety, was plausible.

The judgment is affirmed.

SCOTT, C.J., FRANCIS, J., concur.